## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-02-171-D |
| | ) | |
| DETRICK L. FORD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Detrick Ford's motion to terminate his term of supervised release. [Doc. No. 125]. The United States filed a response [Doc. No. 127] and, pursuant to the Court's Order [Doc. No. 128], a supplemental response. [Doc. No. 129]. Initially, the United States Attorney's Office recommended that Mr. Ford's motion be granted at a later time; now, the United States Attorney's Office supports the termination of Mr. Ford's term of supervised release.[1]

## BACKGROUND

On November 14, 2002, Mr. Ford pleaded guilty to possession with intent to distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a)(1). Based on this and previous drug distribution convictions, Mr. Ford was sentenced to 292 months incarceration, to be followed by four years of supervised release. Upon a joint motion by

---

[1] Based solely on the nature of Mr. Ford's offense of conviction and his criminal history, the United States Probation Office in the Western District of Oklahoma opposes an early termination of Mr. Ford's supervised release.

the parties, the Court later reduced Mr. Ford's sentence to 235 months of incarceration. On July 19, 2019, Mr. Ford was released from prison, and his four-year term of supervised release commenced. It is set to terminate on July 19, 2023.

In the 28 months since his release, Mr. Ford has been a model supervisee. He has faithfully followed the conditions of his supervised release, committing no violations. He has not missed, nor has he tested positive in, any drug test. Shortly after his release, Mr. Ford completed the Truck Driver Training Program at Central Tech, a vocational-technical school in Drumright, Oklahoma. He obtained his commercial driver's license and, later, gained employment as a truck driver and labor hand. As a testimonial to his honorable efforts to comply with the terms of his supervised release, Mr. Ford has not left the judicial district without the permission of his probation officer—despite working as an interstate truck driver. Recently, Mr. Ford met with the United States Probation Office and the United States Attorney's Office to discuss how he turned his life around, what the keys to his success were, and how he has mentored others along the way. This meeting was not required under the conditions of Mr. Ford's supervised release; he voluntarily attended.

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release. The statute provides in pertinent part:

> The court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

§ 3583(e)(1). In determining whether termination of supervised release is appropriate, the Court must consider some of the factors set forth in § 3553(a). *United States v. Begay*, 631 F.3d 1168 (10th Cir. 2011). "Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2011).

According to FED. R. CRIM. P. 32.1(c)(2)(B), a hearing is generally required where modification is requested. But a hearing is not necessary if the defendant requests a favorable modification and the attorney for the government does not oppose the requested relief. FED. R. CRIM. P. 32.1(c)(2)(C). In this case, the United States Attorney's Office supports Mr. Ford's motion.

Because the offense involved a controlled substance, PCP, the Court finds that the first § 3553 factor, the nature and circumstances of Mr. Ford's offense weighs against an early termination of Mr. Ford's supervised release. The remaining relevant § 3553(a) factors, however, weigh in favor if an early termination. Mr. Ford has accomplished much in the time since his release from incarceration, without any setbacks. The Court finds that further supervision by the Probation Office is unnecessary to deter future criminal conduct. Mr. Ford is gainfully employed and a contributing member of his community. The Court, further, finds that continued supervision is unnecessary to protect the public; Mr. Ford's conduct during his supervised release term demonstrates he is not a danger to society. Since he has completed a truck driving training program, supervised release is unnecessary to provide Mr. Ford with needed educational or vocational training.

In commentary to § 5D1.2 of the Sentencing Guidelines, the United States Sentencing Commission encourages courts to exercise authority to terminate a term of supervised release under § 3583(e)(1) "in appropriate cases." U.S.S.G. §5D1.2, comment. (n.5). After consideration of the applicable § 3553(a) factors, the Court concludes that this is an appropriate case to exercise that authority. Early termination of Mr. Ford's supervised release is warranted. The Court also concludes that early termination is in the intertest of justice.

**CONCLUSION**

In its initial response, the United States expressed that it is "both pleased and impressed with Defendant's record on supervision and his apparent turnaround from his criminal activity before his incarceration." [Doc. No. 127 at p. 2]. In its supplemental response, the United States praised Mr. Ford, calling him a productive and thriving member of society. The Court agrees with the United States' assessment and commends Mr. Ford for the admirable character he has exhibited since his release from incarceration. Mr. Ford's conduct demonstrates a person who has been rehabilitated. The Court, therefore, finds that the early termination of his supervised release is warranted and in the interest of justice.

**IT IS THEREFORE ORDERED** that Defendant Detrick Ford's motion to terminate his term of supervised release [Doc. No. 125] is **GRANTED**. The United States Probation Office is directed to process the early termination of Mr. Ford's supervised release.

**IT IS SO ORDERED** this 24th day of November, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge